# CASES

IN THE

# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF PENOBSCOT, JUNE TERM, 1829.

---

### PICKERING vs. HOLT & al.

The master of a vessel cannot, by the mere virtue of his office, as such, bind his owners by a charter-party under seal, so as to subject them to an action of covenant thereon.

THIS was an action of covenant, on a charter-party; and was tried before *Weston J.* on the issue of *non est factum*.

The plaintiff, to support the issue on his part, offered in evidence a charter party signed and sealed by himself, and by one *Enoch Norton* representing himself to be master and agent of the schooner *Champion*; which was chartered for a voyage to the *West Indies*; and proved that the defendants were owners of the vessel, and appointed *Norton* as master; that after she was chartered, the defendants surrendered her coasting license, and took out a register, to enable her to go to foreign ports; and that one of the defendants afterwards, being informed that the plaintiff had chartered her to take a cargo of boards to the *West Indies* on shares, spoke of the intended voyage without objection.

Upon this evidence the judge directed a nonsuit; reserving the effect of the evidence for the consideration of the court, upon a motion to set the nonsuit aside.

Pickering *v.* Holt, & al.

*Greenleaf* and *Sprague*, for the plaintiff, contended that the master had power, by his office, to enter into a charter-party for the employment of the vessel, and thereby to bind the owners ;—*Abbot on Shipping*, 120, 121, 132, *Marsh. Ins.* 500 ;—one of whom, in the present case, expressly assented to the enterprise. And having this authority, the imperfect manner of its execution, being in his own name, instead of that of the principal, is cured by our *Stat.* 1823, *ch.* 220.

*Allen* and *Pond* for the defendants.

MELLEN C. J. delivered the opinion of the Court.

The only question in this case is whether a master of a vessel, in virtue of his character and authority as such merely, can bind his owners by executing a charter-party under his hand and seal, in such a manner as to subject them to an action of covenant broken upon the charter-party, issue being joined on the plea of *non est factum.* The law on this subject appears to be settled. In *Abbot on Shipping*, 164, it is laid down in these words ;—" The execution of a charter-party by the master, although said to be done on behalf of the owners, does not furnish a direct action, grounded upon the instruments against them. This depends upon a technical rule of the law of England, applicable as well to this as to other cases, and not affected by mercantile practice of executing deeds for and in the name of absent persons ; the rule being, that the force and effect which that law gives to a deed under seal, cannot exist, unless the deed be executed by the party himself, or by another for him in his presence, and with his direction ; or, in his absence, by an agent authorized so to do by another deed ; and in every such case, the deed must be made and executed in the name of the principal." See also, *Harrison v. Jackson & al.* 7 *D. & E.* 207, and *Horseley v. Rush & al.* there cited. The above principle, so far as it relates to the mode of executing a deed by an authorized agent, is done away by our statute of 1823, *ch.* 220. In the case at bar it is not pretended that the charter-party was executed in the presence and by the direc-

21

tion of the owners, or that they had by any deed under their hands and seals authorized *Norton*, the captain, to execute it on their behalf. It has been contended that the facts stated in the oral testimony, and those appearing on the face of the documents from the custom house, furnish evidence of a ratification on the part of the owners, of the act of · the captain in signing the charter-party. We cannot admit this argument to possess any force. A parol ratification cannot be more availing than a parol authority previously given ; and that would have been clearly insufficient. We see no grounds for setting aside the nonsuit. There must be

*Judgment for the defendant for costs.*